UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>            Plaintiff,  )<br>  )<br>       v.  )<br>  )<br>SAMUEL LUIS GUTIERREZ,  )<br>            Defendant.  )<br>_____ ) | NO. 1:14-CR-2094-LRS<br><br>**ORDER DISMISSING MOTION TO VACATE CONVICTION** |

**BEFORE THE COURT** is Defendant's "Motion To Vacate Conviction Pursuant To 28 U.S.C. §2255 Motion" (ECF No. 44). This motion is heard without oral argument.

On June 4, 2015, Defendant entered into a Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement (ECF No. 30) pursuant to which he pled guilty to Count 2 of the Indictment (ECF No. 1) charging him with Brandishing of a Firearm During a Crime of Violence, in violation of 18 U.S.C. §924(c)(1)(A)(ii). The "crime of violence" at issue was Carjacking, 18 U.S.C. §2119, as charged in Count 1 of the Indictment. Defendant was sentenced to 180 months imprisonment in accord with the terms of the Plea Agreement.

Defendant contends that pursuant to the U.S. Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015), carjacking no longer constitutes a "crime of violence" and therefore, he is actually innocent of Brandishing of a Firearm During a Crime of Violence. Defendant asserts his

**ORDER DISMISSING MOTION
TO VACATE CONVICTION-        1**

conviction should be set aside and he should be released from custody immediately.

In *Johnson*, the Supreme Court struck down as void for vagueness the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(2)(B)(ii), which defines "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." Defendant contends the similarly worded residual clause in 18 U.S.C. §924(c)(3)(B) must also be considered void for vagueness. According to that residual clause, a "crime of violence" includes a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

What *Johnson* did not address was the "force" or "elements" clause of the ACCA, 18 U.S.C. §924(e)(2)(B)(i), defining the term "violent felony:" "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. §924(c)(3)(A) contains almost identical language in defining a "crime of violence:" "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Therefore, if carjacking constitutes a "crime of violence" based on the "force" or "elements" clause of 18 U.S.C. §924(c)(3)(A), it matters not if the residual clause, 18 U.S.C. §924(c)(3)(B), is void for vagueness.

The carjacking statute, 18 U.S.C. §2119, provides:

> Whoever with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped or received in interstate or foreign commerce from the person or presence of another **by force and violence or by intimidation**, or attempts to do so, shall [be punished as set forth herein].

(Emphasis added).

The Supreme Court has held that "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force- that is, force

**ORDER DISMISSING MOTION
TO VACATE CONVICTION-         2**

capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140, 130 S.Ct. 1265 (2010).  Defendant contends that carjacking does not categorically qualify as a "crime of violence" because it can be accomplished by "intimidation," which does not require the use, attempted use, or threatened use of "violent force."  According to Defendant, the act of placing another in fear of bodily harm, at most, constitutes a threat of physical injury to another which does not necessarily require the use of threatened use of "violent force" against another.

      The parties appear to assume the carjacking statute is indivisible and thus, does not permit use of the modified categorical approach.  If the carjacking statute were considered divisible because it criminalizes carjacking by force and carjacking by intimidation as separate offenses, that would permit consideration of the Indictment and the Plea Agreement. *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276, 2284-85 (2013).  The Indictment charged Defendant with carjacking in Count One, alleging he took a motor vehicle "by force, violence, **and** intimidation, with the intent to cause death and serious bodily harm." (ECF No. 1). (Emphasis added).  In his Plea Agreement, Defendant stipulated to the fact that he pointed a firearm at the victim while demanding her car keys and warning her that she "did not want to get hurt." (ECF No. 30 at Paragraph 5, pp. 4-5).  Under the modified categorical approach, there is no doubt  Defendant pled guilty to taking the victim's car by force and violence with the intent to do serious bodily harm and therefore, that this is a "crime of violence."  See *United States v. D-1 Bijan Woodley*, 2015 WL 7770859 (E.D. Mich. Dec. 3, 2015) at *2.

      This court is unaware of any court having held that carjacking is not categorically a "crime of violence."  On the other hand, numerous district courts

**ORDER DISMISSING MOTION
TO VACATE CONVICTION-**          3

have held that it is categorically a "crime of violence."[1]  In *U.S. v. Sandoval*, 2016 WL 632212 (D. Nev. Feb. 17, 2016), the district court adopted the magistrate judge's report and recommendation and declined to dismiss a carjacking charge against the defendant.  The district court agreed with the magistrate judge that carjacking is a "crime of violence" under the "force" or "elements" clause, even if the carjacking statute is indivisible and the categorical analysis applies, and even if the crime is committed by intimidation.  As is the case here, the defendant in *Sandoval* argued carjacking is not a "crime of violence" because it can be accomplished by intimidation which does not require the use, attempted use, or threatened use of violent force.  The magistrate judge rejected that argument, relying on *United States v. Castleman*, ___ U.S. ___, 134 S.Ct. 1405 (2014), and *Holloway v. United States*, 526 U.S. 1, 119 S.Ct. 966 (1999).  The district court agreed with the magistrate judge's analysis based on those cases:

> [I]n *Holloway*, the Supreme Court held that the federal carjacking statute modifies its *actus reus* with the intent to cause death or serious bodily harm.  526 U.S. 1, 11-12 (1999). Carjacking by force necessarily involves "the defendant attempting to inflict, or actually inflicting, serious bodily harm" on the victim.  *Id.*  Accordingly, under the statute, intimidation is also modified with the intent to cause death or serious bodily harm.  18 U.S.C. §2119.  The *Holloway* Court went into further detail, indicating that carjacking by intimidation requires an act more akin to a "deliberate threat of violence" than "an empty threat, or intimidating bluff," because the intimidation must demonstrate a willingness "to seriously harm or kill the [victim] if necessary to steal the car." 526 U.S. at 3, 11-12.
>
> The magistrate judge correctly concluded that intimidation under 18 U.S.C. §2119 involves a threat to use force to cause injury, and the threatened causal injury must be physical force.  "After

---

[1] In *United States v. D.J.H*, ___ F.Supp.3d ___, 2016 WL 2343400 at *5 (E.D. Wis. April 1, 2016), the district court noted that "every court to decide whether carjacking has, as an element, the use, attempted use, or threatened use of force has answered that question in the affirmative."

**ORDER DISMISSING MOTION TO VACATE CONVICTION-        4**

all, 'the knowing or intentional causation of bodily injury necessarily involves the use of physical force.'" [*United States v.*] *Cruz-Rivera*, 2015 WL 6394416 at *3 [(D.P.R. October 21, 2015)] (quoting *Castleman*, 134 S.Ct. at 1414). The Court in *Castleman* defined "physical force" as any "'force exerted by and through concrete bodies,' as opposed to 'intellectual force or emotional force,' noting that the definition of force "encompasses even its indirect application." 134 S.Ct. at 1414 (quoting *Johnson v. United States*, 559 U.S. 133, 138 (2010)). *Cruz-Rivera* correctly concluded that someone who causes physical injury by "deceiving (the victim) into drinking a poisoned beverage, without making contact of any kind, uses physical force.'" *Id*; *Cruz-Rivera*, 2015 WL 6394416 at *4.

Consequently, a carjacking offense involving the knowing use or threat of force or intimidation provides a sufficient *mens rea* to fall under the statutory definition of a "crime of violence."

2016 WL 632212 at *3-4.[2]

This court finds the reasoning in *Sandoval* to be persuasive, particularly so considering it appears every other court that has an entertained the issue has likewise concluded that carjacking is categorically a "crime of violence," whether it is committed by force and violence, or by intimidation. Because Defendant's sentence does not violate the law, the collateral attack waiver contained in his Plea Agreement (ECF No. 30 at Paragraph 14, pp. 8-9) is enforceable. *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). Pursuant to that waiver, Defendant's

---

[2] As Defendant points out, *Castleman* did not involve the definition of "crime of violence" in 18 U.S.C. §924(c). Nevertheless, comments made in the majority opinion in *Castleman* regarding the indirect application of force were relied upon by the district courts in *Sandoval* and *Cruz-Rivera*. See also *United States v. Evans*, 2015 WL 6673182 at *5 and *8 and fn. 2 (E.D. N.C. Oct. 20, 2015), discussing Justice Scalia's concurrence in *Castleman*, 134 S.Ct. at 1416-17, in concluding that "[p]lacing someone 'in fear of bodily harm necessarily results from a threat of physical force if, as Justice Scalia concludes, 'it is impossible to cause bodily injury without using force capable of producing that result.'"

**ORDER DISMISSING MOTION TO VACATE CONVICTION-    5**

motion must be dismissed.[3]

Defendant's "Motion To Vacate Conviction Pursuant To 28 U.S.C. §2255 Motion" (ECF No. 44) is **DISMISSED** with prejudice.  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court **DENIES** a certificate of appealability because Defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. §2253(c)(2).

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and provide copies to counsel of record.

**DATED** this ___18th___ day of July, 2016.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Senior United States District Judge

---

[3] Because carjacking under 18 U.S.C. §2119 is categorically a "crime of violence" under the "force" or "elements" clause, 18 U.S.C. §924(c)(3)(A), it is unnecessary to determine whether the residual clause, 18 U.S.C. §924(c)(3)(B), is constitutional in light of *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015).

**ORDER DISMISSING MOTION TO VACATE CONVICTION-        6**