FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 02, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL LUIS GUTIERREZ,<br><br>Defendant. | No.  1:14-CR-02094-LRS-1<br><br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND TO AMEND SENTENCE |

BEFORE THE COURT is a *pro se* petition for compassionate release and to amend sentence under Amendment 821, ECF No. 57, from Samuel Luis Gutierrez. The United States opposes the motion. ECF No. 62. The matter was considered without oral argument. The Court has reviewed the petition, the files and record herein, and the relevant authorities, and is otherwise fully informed.  Mr. Gutierrez is not eligible for sentence reduction under Amendment 821 to the Sentencing Guidelines. He is not eligible for compassionate release because he has not exhausted his administrative remedies and, regardless, there are no extraordinary

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
 AND TO AMEND SENTENCE - 1

or compelling reasons to justify a change in sentence. As set forth in more detail below, Defendant's Petition is DENIED.

## BACKGROUND

On December 9, 2014, Defendant was indicted on one count of carjacking pursuant to 18 U.S.C. § 2119, one count of brandishing a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A), and one count of felon in possession of a firearm and ammunition under 18 U.S.C. §§ 922(g)(1) & 924(e)(1). ECF No. 1.  The conduct leading to the charges occurred on November 10, 2014. The victim was parked in a public parking lot. Her purse and iPhone were in her car. Mr. Gutierrez approached her and stated, "give me your keys." When the victim turned around and saw Defendant, he was pointing a gun at her. He demanded her car keys a second time and said, "you don't want to get hurt." The victim handed her keys to Defendant and he stole her car. The police were immediately contacted and followed the victim's car. Defendant exited the car and ran. He was arrested outside of a residence. The victim's iPhone was found in the Defendant's pocket. ECF No. 30 at 4-5.

On June 4, 2015, pursuant to a plea agreement based on Fed. R. Crim. P. 11(c)(1)(C), Defendant pled guilty to Count 2 of the superseding indictment, brandishing a firearm during a crime of violence.  ECF Nos. 30, 31. Pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), the penalty for such offense includes a term of

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
 AND TO AMEND SENTENCE - 2

imprisonment of not less than 7 years to life. Pursuant to the joint recommendation of the parties, on September 25, 2015, Defendant was sentenced to 180 months imprisonment.  ECF No. 42.  His projected release date is March 11, 2031.  *See* https://www.bop.gov/inmateloc/.

After serving more than 10 years in prison, Mr. Gutierrez moves for a reduction in sentence based on Amendment 821 to the sentencing guidelines, and for compassionate release based on an excessive and disproportionately lengthy sentence.

### ANALYSIS

Federal courts have statutory authority to modify an imposed term of imprisonment on two grounds: (1) a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2); or (2) compassionate release under 18 U.S.C. § 3582(c)(1) based on the length of his sentence. Each ground is considered in turn.

**A.    Change in Sentencing Guidelines**

A defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) may move the court for a reduction in the term of imprisonment. The court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
 AND TO AMEND SENTENCE - 3

applicable, and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C.A. § 3582(c)(2).

Amendment 821 to Appendix C of the Unites States Sentencing Commission's *Guidelines Manual* became effective November 1, 2023. The Commission directed that the amendments to Part A and B apply retroactively. *See* U.S.S.G. § 1B1.10(e)(2) (Nov. 1, 2023).

Mr. Gutierrez is not eligible for a reduction in sentence because Amendment 821 does not apply. *See* USSG § 1B1.10(a)(2)(A). Part A of Amendment 821 reduces the number of status points assigned in determining a sentencing range in certain circumstances. U.S.S.G. §§ 4A1.1(e). In Mr. Gutierrez's case, no status points were assigned. *See* 18 U.S.C. § 924(c)(1)(A) and (ii); ECF Nos. 36, ¶ 7; 40 at 1; 60 at 1. Part B of Amendment 821 applies to zero-point offenders. U.S.S.G. § 4C1.1(a). However, Mr. Gutierrez is not a zero-point offender; his criminal history score of eight is based on criminal convictions, so he is ineligible for any adjustment. *See* ECF Nos. 36, ¶¶ 48-65; 60 at 1. Accordingly, Mr. Gutierrez does not qualify for a sentence reduction under either prong of Amendment 821.

Even if Amendment 821 applied, the Court must also consider whether the § 3553 factors support a reduction in sentence. Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
 AND TO AMEND SENTENCE - 4

promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

At the time of the original sentencing, the Court fully considered those factors and imposed a sentence that was sufficient but not greater than necessary to comply with and fulfill the goals of sentencing.  The sentence imposed by the Court was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to this criminal conduct.  The Court has again fully considered the § 3553 factors and finds the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

Defendant has a significant criminal history. In 2000, he was convicted of third-degree rape of a child and sentenced to 60 months imprisonment; in 2004 he was convicted of failure to register as a sex offender; in 2009 he was convicted of delivery and manufacture of marijuana and sentenced to 18 months imprisonment; and in 2010 he was convicted of assault with intent to cause injury.  ECF No. 36,

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
 AND TO AMEND SENTENCE - 5

¶¶ 48-62 (PSIR). The offense for which he is currently sentenced, carjacking, put the victim and the community at significant risk. Mr. Gutierrez has a history of violence offenses. There is no information before the Court suggesting that the Defendant is not a danger to the community.

In addition to the foregoing reasons, Mr. Gutierrez is not eligible for Amendment 821 relief because he agreed to a binding Fed. R. Civ. P. 11(c)(1)(C) plea agreement including a sentence of 180 months incarceration.  ECF No. 30. In *Hughes v. United States*, the Supreme Court held a defendant sentenced pursuant to an 11(c)(1)(C) agreement may be eligible for § 3582(c)(2) relief if the sentence was "based on" the defendant's Guidelines range if the district court relied on it in imposing the sentence or accepting a plea agreement. 584 U.S. 675, 687-88 (2018). If the Guidelines range was not "'a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement' . . . then the defendant's sentence was not based on that sentencing range, and relief under § 3582(c)(2) is unavailable." *Id.* at 687 (quoting *Freeman v. United States*, 564 U.S. 522, 530 (2011)). Here, the Guidelines refer to the statutory minimum of seven years up to life, so the sentence was not "based on" the Guidelines. *See* USSG § 2K2.4(b) (for violation of 18 U.S.C. § 924(c), "the guideline sentence is the minimum term of imprisonment required by statute"); 18 U.S.C. § 924(c); *see also* ECF No. 36, ¶¶ 139-40 (PSIR). Accordingly, Mr. Gutierrez's plea agreement falls

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
 AND TO AMEND SENTENCE - 6

under the *Hughes* exception and § 3582(c)(2) relief is not available for this additional reason.

**B. Compassionate Release**

Mr. Gutierrez also seeks relief under by requesting compassionate release. Before the First Step Act passed in 2018, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018). Compassionate release is a rare exception to that rule and is to be used only in extraordinary cases. *See* 18 U.S.C. § 3582(c)(1)(A). In district courts, the inmate bears the burden to demonstrate eligibility for compassionate release. *See United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998).

As an initial matter, a defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There is no evidence or allegation that Defendant exhausted his administrative rights by

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
 AND TO AMEND SENTENCE - 7

petitioning the BOP before this Court. This alone allows the Court to deny the motion.

Even if the Court were to further consider Mr. Gutierrez's request for compassionate release, denial would still be warranted. The First Step Act provides that a defendant may be eligible for compassionate release if: (1) the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct courts to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release.

Prong (2) of 18 U.S.C. § 3582(c)(1)(A) does not apply in this case. Thus, only extraordinary and compelling reasons could support a compassionate release request under § 3582(c)(1).

*1. Extraordinary and Compelling Reasons*

The First Step Act does not define "extraordinary and compelling reasons" warranting a sentence reduction but directs courts to consider the Sentencing

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
 AND TO AMEND SENTENCE - 8

Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A). In 2023, the Sentencing Commission's policy statement on sentence reduction was updated to reflect changes implemented by the First Step Act. U.S.S.G. § 1B1.13. District courts are required to abide by the Sentencing Commission's policy statements. *Concepcion v. United States*, 597 U.S. 481, 495 (2022).

The USSG policy statement outlines the categories of circumstances which may constitute extraordinary and compelling reasons for a sentence reduction based on: (1) medical circumstances; (2) age; (3) family circumstances; (4) when the defendant is a victim of certain types of abuse while in custody; (5) other reasons; or (6) an unusually long sentence of which at least 10 years have been served and there is a change in the law. U.S.S.G. § 1B1.13.

The United States contends category (6), an unusually long sentence, is invalid, citing the Third, Fifth, and Sixth, Seventh Circuits which have found § 1B1.13(b)(6) is invalid. This Court need not determine whether the category is invalid because Mr. Gutierrez's sentence does not qualify. The Court notes Mr. Gutierrez has served more than 10 years of his sentence but disagrees with the defendant that his sentence is unusually long or that any change in law applies.

Mr. Gutierrez alleges his sentence is unusually long and the change in the law is the change in the sentencing guidelines. He calls this a "gross disparity" that

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
AND TO AMEND SENTENCE - 9

requires early release consideration of either time served or release to home confinement. ECF No. 57 at 3. He suggests he was "oversentenced" under the old sentencing guidelines, but if the sentence was presently imposed it would be lessened by 25 to 30 percent. *Id.* at 5.

The statutory sentence for this offense is not less than seven years and up to life imprisonment. ECF No. 36 ¶¶ 7, 139, 158; 18 U.S.C. § 924(c)(1)(A)(ii). Mr. Gutierrez was sentenced to 180 months of imprisonment, which is 15 years. ECF No. 40 at 2. This sentence is within the statutory range for the crime that serves as the Guidelines range in this case. A sentence within the Guideline range is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Furthermore, as discussed above, Amendment 821 does not apply, and there is no other change in law applicable to this case.

Lastly, Mr. Gutierrez asserts he is in danger in prison if he encounters any members of his former gang or affiliates. *Id.* This does not fall under any of the provisions of extraordinary or compelling reasons set forth in § 1B1.13(b)(1)-(6) and does not warrant a reduction in sentence.

Additionally, under 18 U.S.C. § 3582(c)(1)(A) and the Sentencing Commission policy statement, the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. The Court should not grant a sentence reduction if the defendant poses a risk of

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
 AND TO AMEND SENTENCE - 10

danger to the community, as defined in the Bail Reform Act.  U.S.S.G. § 1B1.13.

As discussed above, the Court has reexamined the § 3553(a) factors and does not find a reduction in sentence is warranted.

## CONCLUSION

The Court concludes that Mr. Gutierrez is not eligible for Amendment 821 reduction in sentence. Furthermore, Mr. Gutierrez is not eligible for compassionate release consideration because he has not exhausted administrative remedies; and even if he was eligible, extraordinary and compelling reasons warranting a reduction do not exist to warrant a reduction in sentence.

Accordingly, Defendant's petition, **ECF No. 57**, is **DENIED.**

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel, Mr. Gutierrez, and U.S. Probation.

**DATED** July 2, 2026.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
 AND TO AMEND SENTENCE - 11